Filed 11/16/20  P. v. Batiste CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PRINCE BATISTE,<br><br>    Defendant and Appellant. | B304029<br><br>(Los Angeles County<br>Super. Ct. No. A786986) |

APPEAL from an order of the Superior Court of Los Angeles County, Norman Shapiro, Judge.  Dismissed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In July 1986, Prince Batiste (defendant) confronted his wife's lover in the street outside her apartment and a fight ensued. For several minutes, defendant hit the other man in the face and kicked him in the head. Defendant then briefly entered his wife's apartment, and when he subsequently re-emerged, he recommenced beating the victim using his fists, feet, and a stick while yelling "Die bitch!" Defendant left the victim unconscious in the street, and the victim was run over by a car—killing him.

A jury convicted defendant of second degree murder (Pen. Code,[1] § 187) and found true allegations that he used deadly and dangerous weapons (a stabbing weapon and shod feet) (§ 12022(b)) and personally inflicted great bodily injury (§ 1203.075).[2] We affirmed the judgment in an unpublished opinion. (*People v. Batiste* (Mar. 29, 1989, B032031 [nonpub. opn.].)

In July 2019, defendant petitioned for resentencing pursuant to newly enacted section 1170.95. With his pre-printed petition, defendant submitted a typed personal statement in which he described beating his wife's lover and leaving the man unconscious in the street. Defendant stated he took "full responsibility" for the victim's death and asked the superior court to give him a "second chance" because after three decades in prison he had changed his "criminal thinking."

---

[1]    All undesignated statutory references that follow are to the Penal Code.

[2]    Defendant was also charged with the robbery of his wife's lover. (§ 211). The jury acquitted defendant of the robbery charge.

The superior court appointed counsel for defendant and denied the petition without issuing an order to show cause. The court found defendant was ineligible for section 1170.95 relief as a matter of law.

Defendant noticed an appeal from the denial of his petition, and this court appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues. On July 13, 2020, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider. We received no response.

We have examined the appellate record, although such an examination is not required (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039), and we are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [trial court correctly found Cornelius ineligible for section 1170.95 relief where the jury convicted him of second degree murder and found intentional and personal firearm allegations true, which constituted an implicit finding Cornelius was the actual killer].)

## DISPOSITION

The appeal is dismissed as abandoned.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


We concur:



RUBIN, P. J.



KIM, J.